IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANNA W.,[1]                                             Case No. 6:22-cv-1134-JR

        Plaintiff,                                   OPINION AND ORDER

        v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

RUSSO, Magistrate Judge:

Plaintiff Shanna W. brings this action for judicial review of the final decision of the

Commissioner of Social Security ("Commissioner") denying her application for Supplemental

Security Income under the Social Security Act. All parties have consented to allow a Magistrate

Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28

U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is affirmed, and this

case is dismissed.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the
non-governmental party or parties in this case. Where applicable, this opinion uses the same
designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

Born in September 1980, plaintiff alleges disability as of April 1, 2017, due to situational syncope, strained neck muscle, weak bladder, and depression. Tr. 13, 205. Her applications were denied initially and upon reconsideration. Tr. 89-92. On June 16, 2021, a hearing was held before Administrative Law Judge ("ALJ") John Sullivan, wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 30-49. On July 21, 2021, the ALJ issued a decision finding plaintiff not disabled. Tr. 10-29. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since the application date. Tr. 15. At step two, the ALJ determined the following impairments were medically determinable and severe: "asthma, syncope, and bipolar disorder." *Id.* At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 16.

Because plaintiff did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform a full range of work at all exertional levels as defined by 20 C.F.R. § 416.967(c) except that:

> the claimant should not work around unprotected heights or near moving mechanical parts, and should not operate a motor vehicle as a part of job duties. She can understand, remember, and carry out simple, routine tasks consistent with a Reasoning Level of 2, or less. She can make simple work-related decisions. She can occasionally interact with coworkers, supervisors, and the public. Her time off-task as a result of moderate limitations in concentration, persistence, and pace, understanding, remembering, and applying information, and adapting and managing oneself, she would be off-task less than five-percent throughout the workday. She must have ready access to a restroom or be able to perform her work duties while wearing adult sanitary garments.

Tr. 17.

At step four, the ALJ determined plaintiff has no past relevant work. Tr. 24. At step five, the ALJ concluded there were a significant number of jobs in the national economy that plaintiff could perform despite her impairments, such as janitor, hand packager, and electronics worker. Tr. 25.

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) discrediting her subjective symptom statements; and (2) discounting competent lay witness testimony. Pl. Br., ECF No. 10 at 6.

## I.    Plaintiff's Testimony

Plaintiff contends the ALJ erred by discrediting her testimony concerning the extent of her syncope. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). In other words, the "clear and convincing" standard requires an ALJ to "show [their] work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Thus, in formulating the RFC, the ALJ is not tasked with "examining an individual's character" or propensity for truthfulness, and instead assesses whether the claimant's subjective symptom statements are consistent with the record as a whole. SSR 16-3p, *available at* 2016 WL 1119029. If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted). The question is not whether the ALJ's rationale convinces the court, but whether the ALJ's rationale "is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

At the hearing, plaintiff testified she has been experiencing episodes of syncope since 2018. Tr. 36. These episodes sometimes cause her to fall, and she lost three teeth as a result. Tr. 36-37. The episodes can occur when she is sitting, standing, or lying down. Tr. 37. She experiences abdominal cramping before an episode, which is her only warning that an episode is coming. Tr. 37. When the cramps start, she has to "get to the bathroom or find somewhere safe to sit so that [she does not] fall." Tr. 37. She experiences short episodes that last two to five minutes and longer episodes of ten to fifteen minutes. Tr. 37-38. After an episode, she is "completely drained of all [her] energy for like the rest of the day." Tr. 38. At times, the episodes trigger neck pain and headaches. Tr. 38, 41-42. She is prescribed Sumatriptan, which helps her headaches most of the time. Tr. 38-39.

After summarizing her hearing testimony, the ALJ determined plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 18. In particular, the ALJ discounted plaintiff's syncope testimony

because it conflicted with objective medical evidence in the record, and was inconsistent with her conservative course of treatment. Tr. 20.

A.    *Objective Medical Evidence*

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original); s*ee also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record). A claimant's failure to report symptoms to providers is another valid basis to find a claimant's symptom allegations unreliable. *Greger v. Barnhart*, 464 F.3d 968, 972-73 (9th Cir. 2006).

The ALJ reasonably discounted aspects of plaintiff's syncope allegations as inconsistent with the record. Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. § 416.929(c)(2). At the hearing, plaintiff testified that her syncopal episodes last from two to fifteen minutes, often bring on neck pain and headaches, and that after an episode, she is "completely drained of all [her] energy for like the rest of the day." Tr. 38, 41-42. The ALJ juxtaposed these allegations with evidence of physical examinations that were generally normal, specifically with no deficits in gait, strength, range of motion, reflexes, or respiratory capacity. Tr 19, 21 (citing Tr. 276-78, 296-98, 359-61). The ALJ also relied on medical evidence reflecting that plaintiff's syncopal episodes happened "on and off," "not daily," and "sometimes [a] couple of weeks in between". *See* Tr. 19 (citing Tr. 323-

27). The ALJ also relied upon the medical opinions of Dr. Joshi and Dr. Nolan--which plaintiff does not challenge here--who found plaintiff's syncope-related symptoms were under control and would not otherwise render her disabled. Tr. 19, 21 (citing Tr. 353-59, 372-76). In sum, these many unremarkable reports amount to substantial evidence supporting the ALJ's decision to discount plaintiff's testimony about the significance of her syncope-related symptoms because they conflict with the record evidence.

Plaintiff urges the Court to adopt a different interpretation of the medical record, but does not convincingly show that the ALJ's decision was unsupported by substantial evidence. Specifically, plaintiff argues the ALJ erred by failing to incorporate into the RFC what she terms her "doctor's adv[ice to] lie down when she experiences painful urges to defecate" and that "there is no evidence to undermine the reported frequency of [her] syncope episodes." Pl. Br at 9. First, these are not parts of plaintiff's symptom testimony that fall under the ambit of the Ninth Circuit's "clear and convincing reasons" test, but rather pieces of medical evidence the ALJ must reasonably weigh in the context of the medical record as a whole. 20 C.F.R. § 416.920b ("How we consider evidence"). Second, the ALJ did consider this evidence: both Dr. Joshi's medical opinions about the extent of plaintiff's syncope-related limitations and evidence about the frequency of syncope episodes. Tr. 19. Plaintiff's further arguments that the record more strongly supports her version of events are an effort to have this Court re-weigh the evidence, which is beyond the scope of review. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the ALJ."). Even when there are two reasonable interpretations—plaintiff's and the ALJ's—the ALJ's interpretation must prevail. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). Against that

backdrop, even though plaintiff clearly interprets the evidence differently, she has not (and cannot) establish error by simply advancing a different interpretation of the medical evidence. The ALJ adequately canvassed the field, identified medical evidence that conflicted with plaintiff's testimony about the extent and frequency of her syncope episodes, and reasonably discounted those allegations when fashioning the RFC. *See* Tr. 17 (providing for exertional limitations and bathroom proximity in the RFC).

>    B.    *Conservative Treatment*

The ALJ also found plaintiff's syncope testimony was inconsistent with a history of conservative treatment for her condition. Tr. 20. An ALJ may reject a claimant's testimony when the severity of symptoms alleged is inconsistent with the level or frequency of treatment. *See Molina*, 674 F.3d at 1113 (quoting Social Security Ruling ("SSR") 96–7p, 1996 WL 374186, at *7 (July 2, 1996); *Burch v. Barnhart*, 400 F.3d 1111, 1114 (9th Cir. 2005).

The ALJ reasonably considered plaintiff's conservative treatment when discounting her testimony about the extent of her syncope symptoms. Although plaintiff alleged her syncope rendered her disabled, she sought minimal medical treatment for her abdominal cramping and related syncope, with just four appointments in 2019, one in 2020, and one before the June 2021 hearing (Tr. 18, citing Tr. 276-78, 296-98; Tr. 19, citing Tr. 359-61; see Tr. 271, 323, 327, 353, 359, 381). The ALJ found plaintiff's lack of follow-up with any specialist like a neurologist or gastroenterologist further undermined her testimony about the severity of these symptoms. Tr. 20. The ALJ also noted that, despite her syncope allegations, she was not treating her symptoms with any significant medication. Tr. 20. Ultimately, the ALJ reasonably found plaintiff's failure so seek significant treatment for her syncope suggests her symptoms are not as severe as she claims.

## II.      Lay Witness Testimony

"Lay testimony as to a claimant's symptoms is competent evidence that the Secretary must take into account." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1) ("In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence from your medical sources and nonmedical sources about how your symptoms affect you."). Under the 2017 regulations, the ALJ is not "required to articulate how [they] considered evidence from nonmedical sources" using the same criteria required for the evaluation of medical sources. 20 C.F.R. §§ 404.1520c(d), 416.920c(d).

The ALJ must give reasons "germane to the witness" when discounting the testimony of lay witnesses. *Valentine,* 574 F.3d at 694. But the ALJ is not required "to discuss every witness's testimony on an individualized, witness-by-witness basis." *Molina*, 674 F.3d at 1114, *superseded on other grounds by* 20 C.F.R. § 404.1502(a). If the ALJ gives valid germane reasons for rejecting testimony from one witness, the ALJ may refer only to those reasons when rejecting similar testimony by a different witness. *Id*. Additionally, where "lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," any error by the ALJ in failing to discuss the lay testimony is harmless. *Id*. at 1117, 1122

Plaintiff's daughter reported that plaintiff experiences attacks that cause her to feel fuzzy in the head, dizzy, and drained of energy. Tr. 221. The attacks happen without warning, and she is unable to function properly for up to two hours afterwards. Tr. 221. She passes out most of the time when the attacks occur. Tr. 221. There are times when she has fallen and injured herself. Tr.

222. She is nervous about having an attack outside her home, so she only goes out when she has to. Tr. 223, 225, 227. She also does not feel safe when alone. Tr. 225.

The ALJ provided specific, germane reasons to discount the lay witness testimony, which mirrored plaintiff's own. Where lay witness testimony does not describe any limitations not already described by the claimant, "the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *Molina*, 674 F.3d at 1122. Here, the ALJ repeated the clear and convincing reasons for discounting plaintiff's self-reports, discussed above, when considering the similar statements from plaintiff's daughter. Tr. 24. These were sufficiently specific, germane reasons for discounting this testimony, and the ALJ's decision to do so was supported by substantial evidence in the record.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 28th day of May, 2024.

_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge
